UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AKBAR TABRIZI,<br>　　　*Plaintiff*,<br><br>v.<br><br>L.A. FITNESS INTERNATIONAL, LLC,<br>　　　*Defendant*. | §<br>§<br>§<br>§　CIVIL ACTION NO. 4:10-CV-00654<br>§<br>§<br>§ |

## MEMORANDUM AND ORDER

This negligence case is before the court on defendant L.A. Fitness International, LLC's motion for summary judgment. (Dkt. 22). The motion is denied.

On January 8, 2008, Sam Falsafi signed a membership agreement with L.A. Fitness. (Dkt. 22-4). This agreement contains a release and waiver of liability, purporting to release L.A. Fitness from liability for any loss or damage on account of injury to Falsafi's person or property. *Id.* On March 24, 2008, plaintiff Akbar Tabrizi (along with his wife, daughter, and son) entered an L.A. Fitness gym in Sugar Land, Texas as Falsafi's guests.[1] Contrary to the normal procedure, the evidence suggests Tabrizi did not sign a release and waiver of liability.[2] After getting out of a swimming pool, Tabrizi slipped and fell, sustaining a severely bruised knee and a comminuted proximal femoral fracture.[3] Tabrizi was hospitalized for his injuries.[4]

---

[1] Tabrizi Dep. 24:10–25:24; 27:1–9 (Dkt. 22-5); Robinson Dep. 15:18–16:4 (Dkt. 27-1).

[2] Robinson Dep. 13:2–14:5; 26:11–27:19; 31:14–25; 33:1–34:6 (Dkt. 27-1). The release and waiver was not read to Tabrizi, and is not posted in the gym. *Id.* 32:1–6.

[3] Tabrizi Dep. 28:8–17; 36:11–18; 38:11–15 (Dkt. 22-5).

[4] *Id.* 19:23–25; 20:18–21; 22:15–23:4.

On March 2, 2010, Tabrizi brought suit against L.A. Fitness for negligence. (Dkt. 1). On May 26, 2011, L.A. Fitness filed this motion for summary judgment. (Dkt. 22). The motion asserts that L.A. Fitness should be granted summary judgment on its affirmative defense of release and waiver—premised on the release contained in Falsafi's membership agreement.

Preliminarily, L.A. Fitness has not properly plead this defense. The scheduling order in this case provides that amendments to pleadings must be made with leave of court after September 30, 2010. (Dkt. 8). On May 26, 2011, without leave of court, L.A. Fitness filed its amended answer asserting the waiver and release defense. (Dkt. 21). Thus, L.A. Fitness has not properly plead the defense of waiver and release.

But even L.A. Fitness had sought leave to amend its answer, the request would be denied because the defense is entirely specious. "A pre-injury release is a risk-shifting contractual agreement." *Sydlik v. REIII, Inc.*, 195 S.W.3d 329, 332 (Tex. App.—Houston [14th Dist.] 2006, no pet.). In order for a contract to exist, there must be "(1) an offer; (2) acceptance; (3) meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding." *Cessna Aircraft Co. v. Aircraft Network, L.L.C.*, 213 S.W.3d 455, 465 (Tex. App.—Dallas 2006, pet. denied). Here, the only evidence of a contract that meets these requirements is the membership agreement between L.A. Fitness and Falsafi. L.A. Fitness has put forth no evidence of a waiver or release agreement between Tabrizi and L.A. Fitness. Thus, L.A. Fitness is not entitled to summary judgment on a waiver and release defense.

Accordingly, L.A. Fitness's motion for summary judgment (Dkt. 22) is denied.

Signed at Houston, Texas on August 25, 2011.

Stephen Wm Smith
United States Magistrate Judge